UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK PINE,

                            Plaintiff,

                -against-                                         19-CV-2583 (CM)

T MOBILE CORPORATE HQ,                                              ORDER

                            Defendant.

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction and asserting that Defendant failed to provide him access to information in his closed

mobile phone account. By order dated June 19, 2019, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below,

the Court directs Plaintiff to show cause, within thirty days of the date of this order, why this

action should not be dismissed for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the complaint: Plaintiff had two separate mobile phone accounts with T Mobile, which were closed after he was unable to pay his bill. As a result of the accounts being closed, Plaintiff is unable to access his mobile phones' history online. Plaintiff would ideally like to access five to ten years of his accounts' history, including the phone numbers he called, the phone numbers of those who called him, and his text messages. Plaintiff understands that law enforcement entities are able to get that information and believes that it would not cost much for T Mobile to keep this information in the cloud so that former customers could access it. Plaintiff is working on several different startups and may need the information from his accounts to defend himself from future lawsuits. Plaintiff sues T Mobile for $5,100,000.00.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

## A. Federal Question Jurisdiction

Plaintiff invokes the Court's federal question jurisdiction, but he fails to establish that his complaint involves a matter of federal constitutional or federal statutory law. Federal question jurisdiction is available when a plaintiff's claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). As Plaintiff does not identify any cause of action arising under federal law, he fails to satisfy his burden of showing that the Court can exercise federal question jurisdiction over this action.

## B. Diversity Jurisdiction

Although Plaintiff does not invoke the Court's diversity jurisdiction, the Court also considers whether he alleges facts sufficient to do so. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, a corporation is a citizen of both the State where it is incorporated and the State where it has its "nerve center," generally its headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of $75,000.00, the statutory jurisdictional amount. *See* 28

U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff, who is homeless, does not plead facts in the complaint about where he is domiciled, but he lists a mailing address in New York City. He does not identify where T Mobile is incorporated or has its principal place of business. It is therefore unclear whether there is diversity of citizenship between Plaintiff and Defendant.

Plaintiff also fails to allege facts indicating to a "reasonable probability" that his claim is in excess of the sum or value of $75,000.00. *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (citation omitted). There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). But where a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citation omitted).

Here, Plaintiff seeks $5.1 million in damages but he does not provide in the complaint any facts plausibly suggesting that the amount in controversy in this action exceeds $75,000.00. Rather, Plaintiff asserts a speculative amount that the Court cannot presume satisfy the amount-in-controversy requirement.

## C.       Order to Show Cause

Based on the forgoing, it appears that the Court lacks subject matter jurisdiction over this action. But in an abundance of caution and in light of Plaintiff's *pro se* status, the Court directs Plaintiff to show cause, within thirty days from the date of this order, why the Court should not dismiss this action for lack of subject matter jurisdiction. To invoke the Court's diversity jurisdiction, he must provide where he and T Mobile are domiciled to show that they are citizens of different states. In addition, Plaintiff must allege facts plausibly suggesting that the actual damages that he suffered to a reasonable probability is in excess of the $75,000.00 statutory jurisdictional amount. Plaintiff must also identify the state-law cause of action he seeks to bring against T Mobile.

Plaintiff is granted leave to submit a declaration, within thirty days, showing that the Court can exercise subject matter jurisdiction over this action. If Plaintiff fails to timely respond to this order, or if his response fails to address the deficiencies in this order, the matter will be dismissed without prejudice for lack of subject matter jurisdiction. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court directs Plaintiff to show cause, within thirty days of the date of this order, why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    July 3, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____              _____
Executed on (date)                    Signature

_____      _____
Name                                  Prison Identification # (if incarcerated)

_____      _____|_____|_____
Address                              City                   State       Zip Code

_____      _____
Telephone Number (if available)      E-mail Address (if available)